## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

v.

Nekima Levy Armstrong (1),
Chauntyll Louisa Allen (2),
William Scott Kelly (3),
Done Renaldo Lemon (4),
Jerome Deangelo Richardson (5),
Jamael Lydell Lundy (6),
Trahern Jeen Crews (7),
Georgia Ellyse Fort (8),
Ian Davis Austin (9),

                Defendants.

No. 26-cr-25 (LMP/DLM)

**ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DESIGNATE CASE AS COMPLEX OR TO EXTEND DISCOVERY DISCLOSURE DATE**

Before the Court is the government's Motion to designate this case as complex under the Speedy Trial Act, 18 U.S.C. § 3161. (Doc. 131.) In its Motion, the government asks the Court to designate this case as complex; to exclude at least 90 days from computation under the Speedy Trial Act and to extend the deadline for disclosures required by Federal Rule of Criminal Procedure 16(a) by 30 days. (*Id.*) In the alternative to a complex case designation, the government seeks an order permitting it an additional 30 days for its "initial production" of Rule 16 material, with 30 additional days for additional materials not yet possessed by or accessible to the government. (*Id.*) All defendants oppose the government's Motion. (Docs. 135 (Response in Opposition by Ms. Levy Armstrong, Ms. Allen, Mr. Kelly, Mr. Richardson, Mr. Lundy, Mr. Crews, and Mr. Austin), 138

(Response in Opposition by Mr. Lemon and Ms. Fort).) On the basis of the record before it, the Court denies the government's motion to the extent it seeks a so-called "complex case" designation without prejudice. However, the Court agrees that an exclusion of 30 to 60 days for the government to make disclosures required by Rule 16(a), and likewise amendments to related deadlines set forth in the Arraignment Oder (Doc. 130), serves the ends of justice by permitting the government reasonable time for effective preparation of this case.

## BACKGROUND

Each defendant in this matter is charged by Indictment with one count of engaging in a Conspiracy Against Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. § 241; and one count of aiding and abetting one another to Injure, Intimidate, and Interfere with Exercise of Right of Religious Freedom at Place of Worship, in violation of 18 U.S.C. §§ 2(a) and 248(a)(2), (b). (Doc. 39.) The charges stem from a widely-reported incident at the Cities Church in St. Paul, Minnesota. (*Id.*) Broadly speaking, the Indictment alleges that on January 18, 2026, Defendants entered the church during religious services and engaged in acts violative of the statutes identified above. (*Id.*)

Defendants have all been arraigned, the latest appearing on February 17, 2026. (Docs. 123, 124.) The Court issued an Arraignment Order that day, setting (among other things) a February 24, 2026 Rule 16 disclosure deadline for the government, consistent with District of Minnesota Local Rule 12.1(a)(2). (Doc. 130.)

Once the Arraignment Order was issued, the government filed its Motion seeking to extend disclosure and other deadlines in this case. (Doc. 131.) In its Motion, the

government asserts that Local Rule 12.1's presumptive 7-day disclosure deadline is unworkable due in part to the volume, scope, and complexity of investigative materials—specifically, the government identifies numerous reports, multiple video recordings, and the need to employ "filter teams" as a part of cell phone data extraction. (Doc. 131 at 3-4.) Additionally, says the government, the case may involve novel constitutional motion practice based on forecasts of defense counsel. (*Id.* at 4-5.) Finally, the government estimates that "approximately 40 individuals were participants in the charged conspiracy," and that 300 congregants and church staff witnessed the offense conduct. (*Id.* at 4.)

Defendants, for their part, oppose the government's request for complex-case designation. Mr. Lemon and Ms. Fort assert the government's Motion "is driven by its need for relief from its own prosecutorial choices"; that is, that the government's haste in charging this matter before securing and reviewing evidence is a problem of its own making. (Doc. 138.) The remaining Defendants focus their opposition on the fact that nothing distinguishes this case from many others prosecuted in this district: it admittedly involves multiple defendants, but a single hour of offense conduct occurring in one place on one day. (Doc. 135.) Voluminous discovery is common in federal criminal practice, say these defendants, and the time necessary to address any complex or novel legal issues is already accounted for by the Speedy Trial Act's exclusion of time while pretrial motions are pending. *See* 18 U.S.C. § 3161(h)(1)(D) & (H).

## ANALYSIS

As a general matter, the Speedy Trial Act requires that a defendant be tried within 70 days of indictment or initial appearance. 18 U.S.C. § 3161(c)(1); *Zedner v. United*

*States*, 547 U.S. 489, 497 (2006). That said, "the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner*, 547 U.S. at 497. One of those reasons is when the case "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation" within the default provisions of the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) & (B)(ii). This is often referred to as a "complex case" designation, resulting in exclusion of time from the Act and an expansion of typical case deadlines.

Here, the government appears to rely on each enumerated basis of § 3161(h)(7)(B)(ii) to support a complex case designation. It claims that the number of defendants, already large, could increase. It claims that discovery will be voluminous and broad due to the media involved and the number of witnesses. And it contends that there is likely to be novel and robust motion practice.

The Court does not disagree with the government entirely that this case has the potential to become unwieldy when tested by the Speedy Trial Act. But it would be an abuse of discretion to designate a case complex now based on the *potential* of complexity. As it stands, the case involves nine defendants, all charged with the same offenses arising out of the same discrete course of conduct. That is not particularly complex. As for motion practice, the government has a point that Defendants have forecast novel and, possibly, complex motion practice—a point driven home by the robust motion practice some defendants have already engaged in before even having an Arraignment Order. (*See, e.g.,* Docs. 97 (Motion to Dismiss Indictment), 125 (Joint Motion for Disclosure of Grand Jury

Proceedings).) But as some defendants rightly indicate, the Speedy Trial Act already accounts for the exclusion of time while motions are pending and under advisement. 18 U.S.C. § 3161(h)(1)(D) & (H).

Where the Court finds the government's position well taken is as it relates to the volume and scope of discovery. Based on the government's proffer, discovery will include thousands of pages of reports, and a significant amount of electronic media. It will also include information derived from searches of electronic devices, some of which will need to be reviewed by a filter team first. It is in the interest of justice to provide additional time for those disclosures and, just as importantly, to allow defendants time to review and analyze the government's discovery in advance of pretrial motion practice. *Accord* 18 U.S.C. 3161(h)(7)(A) & (B)(iv). As such, the Court grants the government's request to continue its deadline for Rule 16 disclosures for 30 days. To the extent the government requests that the Court set initial and final disclosure deadlines, that will not be done. The government has a continuing duty to disclose materials, such that any disclosures not made by the government's new deadline must nonetheless be made as soon as practicable. Fed. R. Crim. P. 16(c).

Finally, the parties appear to disagree on whether the government's disclosures should be made on a rolling basis. While this is more appropriately considered in a discovery conference, *see* Fed. R. Crim. P. 16.1, the Court comments that rolling discovery appears consistent with its interpretation of the government's discovery obligations.

Accordingly, based on the above, as well as all the files, records, and proceedigns herein, **IT IS ORDERED** that:

1.    The Government must make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **March 26, 2026.** D. Minn. LR 12.1(a)(1). To avoid the need for a recess of the Motions Hearing, the Government is requested to make all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h) by **March 26, 2026**.

2.    Defendant must make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **April 2, 2026**. D. Minn. LR 12.1(a)(2).

3.    The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial. Fed. R. Civ. P. 16(a)(1)(G).

4.    Defendant's pretrial motions must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 and Local Rule 12.1(c) on or before **April 9, 2026**.

5.    **Counsel must electronically file a letter on or before April 9, 2026, if no motions will be filed and there is no need for hearing**.

6.    All responses to motions, along with a Notice of Intent to Call Witnesses, must be filed by **April 23, 2026**, in accordance with Local Rule 12.1(c)(3)(A).

7.    Any Responsive Notice of Intent to Call Witnesses must be filed by **April 27, 2026**, in accordance with Local Rule 12.1(c)(3)(B).

8.    A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(b) and (c) if:

    a.    The United States makes timely disclosures and the Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

    b.    Oral argument is requested by either party in its motion, objection or response pleadings.

9.    If required, a motions hearing will be held before Magistrate Judge Douglas L. Micko on a date and time to be determined, in Courtroom 6B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota 55101.

10.    The parties will receive the remaining dates relating to trial by separate order.

11.    Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by the granting of such continuance outweigh the best interest of the public and Defendant in a speedy trial.  This finding is based on all of the files and proceedings herein, including the facts set forth in the motion and the supporting documents.  **Accordingly, the period of time from March 10, 2026, the prior motions deadline, to April 9, 2026, the new motions deadline, shall be excluded from the Speedy Trial Act computations in this case.**

DATED:  February 23, 2026        *s/Douglas L. Micko*
                                      DOUGLAS L. MICKO
                                      United States Magistrate Judge